

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
## NO. PD-0724-12
---

**LIONEL GONZALES, Appellant**

**v.**

**THE STATE OF TEXAS**

---
### ON DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS,
### BEXAR COUNTY
---

Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Price, Johnson, Keasler, Hervey, Cochran, and Alcala, JJ., joined. Meyers, J., did not participate.

The issue in this case is whether the Court of Appeals improperly placed the burden on the appellant to demonstrate that he was prejudiced by the excessive delay between his indictment and trial. Holding that the Court of Appeals erred, we reverse its judgment and remand this case to that court for consideration of the appellant's claim under the correct standard.

The appellant was charged by indictment on March 17, 2004, with injury to a child and indecency with a child. He was not arrested until April 21, 2010, and soon thereafter he filed a motion to dismiss for lack of a speedy trial.

In determining whether an accused has been denied his right to a speedy trial under the state and federal constitutions, Texas courts use the balancing test created by the United States Supreme Court in *Barker v. Wingo*.[1] The factors to be weighed include, but are not limited to: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay.[2]

In the instant case, the trial court ruled that the appellant was not denied his right to a speedy trial because he failed to satisfy the third and fourth prongs. The Court of Appeals disagreed as to the third prong, but held that the appellant's failure to demonstrate prejudice nonetheless outweighed the first three factors.[3] In so doing, the Court of Appeals, ostensibly relying on the Supreme Court's opinion in *Doggett v. United States*,[4] held that "even in the case where the delay is presumptively prejudicial – as we conclude it is here – the appellant must nevertheless show that he was prejudiced by the delay."[5]

Now, on appeal to this court, the appellant contends – and the State concedes – that, where the delay is presumptively prejudicial, *Doggett* absolves the accused from the requirement to demonstrate prejudice. The appellant further contends – and the State again concedes – that it

---

[1] 407 U.S. 514, 530 (1972); *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Cr. App. 1992).

[2] *Barker*, 407 U.S., at 531.

[3] *Gonzales v. State*, No. 04-11-00405-CR, 2012 Tex. App. LEXIS 2989 (Tex. App.– San Antonio Apr. 18, 2012).

[4] 505 U.S. 647 (1992).

[5] *Gonzales*, No. 04-11-00405-CR.

is the State that must rebut or extenuate the presumption of prejudice.

We agree. In the instant case, the six-year delay between the appellant's indictment and his arrest "presumptively compromise[d] the reliability of a trial in ways that neither party can prove or, for that matter, identify."[6] Accordingly, the Court of Appeals should have reviewed the record not for proof of prejudice but rather the rebuttal or extenuation of prejudice.[7]

The Court of Appeals improperly placed the burden on the appellant to demonstrate prejudice. We reverse its judgment and remand this case to that court to conduct the *Barker* balancing test under the correct standard for determining prejudice.

Delivered February 27, 2013.
Do not publish.

---

[6] *Doggett*, 505 U.S., at 655-56; *see also Shaw v. State* 117 S.W.3d 883, 890 (Tex. Cr. App. 2003) (a delay of 38 months between indictment and trial requires a presumption of prejudice); *Dragoo v. State*, 96 S.W.3d 308, 316 (Tex. Cr. App. 2003) ("The court of appeals also held that the 3½ year delay between appellant's arrest and trial was 'patently excessive' and, in itself, 'presumptively prejudicial' to appellant's defense. In accordance with precedent, we must agree with that assessment."); *Pierce v. State*, 921 S.W.2d 291 (Tex. App. – Corpus Christi 1996, no pet.) ("Although the State contends that appellant did not provide evidence of actual prejudice, we find that appellant did not have such a burden in this case because of the protractedness of the delay and the State's negligence."); *Thompson v. State*, 983 S.W.2d 780, 786 (Tex. App. – El Paso 1998, pet. ref'd) ("The eight-year-delay in this case caused by the State's negligence exceeds the six-year-delay at issue in *Doggett*. Therefore, Appellant's failure to offer demonstrable evidence of prejudice is not fatal to his claim. We will consider the presumptive prejudice caused by the delay in balancing the *Barker* criteria.").

[7] *Doggett*, 505 U.S., at 658.